TERENCE KING, Respondent, *v.* WILLIAM BROOKFIELD and CHARLES
E. KIMBALL, as Receivers of the HECKER-JONES-JEWELL MILLING
COMPANY and of all its Property and Assets within the Southern
District of New York in the Second Judicial Circuit of the
United States, Appellants.

*Bill of particulars as to machinery being unsafe, work negligently conducted and the
place unsafe.*

The complaint in an action to recover damages for personal injuries sustained by
the plaintiff, while employed by the defendants in a mill which contained
engines, boilers, furnaces, machinery and a mechanical stoker, alleged that
"defendants so negligently managed and operated the said machinery, furnaces,
boilers and stoker, and so negligently conducted the work maintained by them
as aforesaid, and so negligently exposed the plaintiff to danger without notice
or neglect on his part, and so negligently furnished with unsafe machinery
and appliances and an unsafe place in which to work, and were so negligent in
other respects that the fingers of his right hand were cut off." It did not allege
that the plaintiff's fingers were cut off by any of the machinery, or by what
means, or in what manner the accident occurred. It did allege, however, that
at the time of the accident the "stoker" was not defective or out of repair.
The defendants moved for a bill of particulars showing in what respect the
machinery and appliances were unsafe and in what respect the work was negli-
gently conducted and the place unsafe. The defendants accompanied the
application with an affidavit that they were not aware of any defect in the
place or machinery, which affidavit was opposed by an affidavit of the plaintiff
to the effect that the accident occurred while he was working at the "stoker,"
and that he knew nothing about its construction or the method of operating it.
*Held,* that the defendants were entitled to the bill of particulars.

APPEAL by the defendants, William Brookfield and another, as
receivers of the Hecker-Jones-Jewell Milling Company and of all its
property and assets within the southern district of New York in
the second judicial circuit of the United States, from an order of
the Supreme Court, made at the Kings County Special Term and
entered in the office of the clerk of the county of Kings on the
15th day of April, 1902, denying the defendants' motion for a bill
of particulars.

*Frederick Hulse* and *Ernest F. Eidlitz,* for the appellants.

*Abel E. Blackmar* and *Joseph Center Wight,* for the respondent.

HIRSCHBERG, J.:

The action is for damages alleged to have been occasioned by the defendants' negligence. The plaintiff was working as an employee of the defendants in a certain mill, containing engines, boilers, furnaces, machinery, and a mechanical stoker device. The complaint alleges that on or about the 13th day of February, 1901, the "defendants so negligently managed and operated the said machinery, furnaces, boilers and stoker, and so negligently conducted the work maintained by them as aforesaid, and so negligently exposed the plaintiff to danger without notice or neglect on his part, and so negligently furnished with unsafe machinery and appliances and an unsafe place in which to work, and were so negligent in other respects that the fingers of his right hand were cut off." There is no allegation to the effect that his fingers were cut off by any of the machinery, or by what means or in what manner the accident occurred. There is an allegation in the complaint that, at the time of the accident, the "stoker" was not defective or out of repair. The defendants moved for a bill of particulars, showing in what respect the machinery and appliances were unsafe, and in what respect the work was negligently conducted and the place unsafe. The application was accompanied by an affidavit on the defendants' part to the effect that no defect in the place or machinery was known to or discoverable by them, and was opposed by an affidavit of the plaintiff to the effect that the accident occurred while he was working at the "stoker," and that he knew nothing about its construction or the method of operating it. There is no statement that the injury complained of was occasioned by the "stoker."

The defendants were clearly entitled to the particulars herein referred to, and the motion should have been granted. (*Wilson* v. *American Steel & Copper Plate Co.*, 56 App. Div. 527.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with costs. Order to be settled before Mr. Justice HIRSCHBERG.